IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-105-BO-RJ

| | |
|---|---|
| TYRONE MOORE d/b/a ) | |
| MOORE FAMILY TRUCKING, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 5]. Plaintiff has responded and defendant has replied. [DE 9, 10, 11]. In this posture, the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted. [DE 5].

BACKGROUND

The instant matter stems from defendant's alleged damage to plaintiff's property (namely, a trailer) in Fort Liberty, North Carolina. [DE 1]. On June 13, 2024, plaintiff pursued administrative remedies by filing an administrative claim against defendant with the United States Department of the Army ("US Army"). [DE 1, 1-1, 2]. Then, on July 8, 2024, plaintiff filed a civil action against the United States in the Small Claims Division of the District Court of Pitt County, State of North Carolina. [DE 1-1]. In this suit, plaintiff named Christina Porter, a federal employee of the US Army, as the defendant. [DE 1-1]. Thereafter, on July 23, 2024, defendant filed a motion to remove plaintiff's civil suit from the Small Claims Division of the District Court of Pitt County to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C.

§§ 1446 and 2679. [DE 1, 4]. On July 25, 2024, the Court notified plaintiff of the case's removal to federal court. [DE 1, 4].

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint on several grounds including, *inter alia*, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [DE 5]. For the reasons discussed herein, the Court agrees.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Generally, the United States and its agents, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Critically, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their

2

administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). When a plaintiff brings a suit alleging that the federal government has committed a tort, the Court lacks subject-matter jurisdiction unless the plaintiff has previously presented an administrative claim and either received a written denial or received no final disposition within six months of filing. *See* 28 U.S.C. § 2675(a). Put differently, a case is subject to dismissal when a plaintiff fails to exhaust his administrative remedies *prior* to filing suit. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

In the instant matter, plaintiff began pursuing his administrative remedies on June 13, 2024, when he filed his administrative claim with the US Army. [DE 1, 1-1, 2]. Thus, to comply with the FTCA requirements, plaintiff had to wait to file his current civil suit until he either received (1) a written denial, or (2) no final disposition within six months of filing from the US Army regarding his administrative claim. 28 U.S.C. § 2675(a). Yet plaintiff filed his complaint in this Court on July 8, 2024 – less than one month after he presented his initial administrative claim to the US Army. [DE 1-1, 5]. Consequently, plaintiff's failure to adhere to the requirements of the FTCA prevents this court from exercising jurisdiction over his civil claim. *See Plyler*, 900 F.2d at 42 (citing *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981)) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired."); *Dhannie v. United States*, No. CV-

DKC-18-2861, 2019 WL 3340653, at *2 (D. Md. July 25, 2019) (dismissing plaintiff's "premature" FTCA suit for lack of subject matter jurisdiction because plaintiff's administrative claim "had not been resolved and had not been pending for six months without a disposition"). As a result, the Court will dismiss plaintiff's claim without prejudice. *See Weston v. United States*, No. 1:15CV84, 2015 WL 5511133, *9-10 (M.D.N.C. Sept. 17, 2015) (dismissing plaintiff's FTCA claim without prejudice where administrative remedies were not exhausted); *Brinkley v. United States*, No. 5:10-CT-3084-BO, 2012 WL 78376, *3 (E.D.N.C. Jan. 10, 2012) (same). Because the Court grants defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), the Court need not reach defendant's remaining arguments for dismissal. [DE 5].

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 5] is GRANTED, and the case is DISMISSED without prejudice.

SO ORDERED, this 17 day of October, 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE